UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:13-cv-00556 |
| v. | ) |
| | ) JUDGE TRAUGER |
| S WIRELESS LLC and | ) MAGISTRATE JUDGE BRYANT |
| ABDUL R. SIDDIQUI, | ) |
| | ) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure and as a Confidentiality Agreement between the parties, that certain documents and information requested by the parties in discovery in this action may contain confidential, competitively sensitive, trade secret, private or other proprietary information which must be protected from unauthorized disclosure. Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions and restrictions:

1. Documents, including electronic data, and written information produced by any party or nonparty in the course of discovery in this action that are confidential in nature may be designated as such by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose, and each page that is to be protected shall be separately marked "CONFIDENTIAL." Duplicate copies of pages marked "CONFIDENTIAL" shall also be deemed "CONFIDENTIAL." A party who fails to mark material as "CONFIDENTIAL" at the time of production may do so by designating it "CONFIDENTIAL" and providing counsel

with a substitute copy bearing the appropriate legend, within the longer of (a) 10 calendar days of the initial production, or (b) if the failure to mark the material as "CONFIDENTIAL" was inadvertent, reasonably soon after the discovery of the mistake; provided, however, that any disclosure of the material before receipt of the substitute copy of the material shall not be considered a violation of this Order.

2. Counsel for any party or any witness may designate the transcript (or any portion thereof) of any deposition as "CONFIDENTIAL" by so stating on the record of the deposition or by doing so within 10 calendar days of receipt of the transcript of the deposition. Prior to such designation, or expiration of the 10-day period, the entire deposition transcript shall be deemed CONFIDENTIAL.

3. Except as otherwise provided herein, documents, electronic data, depositions, transcripts, and any other information designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than:

(a) the parties herein;

(b) their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action;

(c) persons employed by or assisting counsel in preparation for, or at, the trial of this action, including experts with which counsel may consult;

(d) persons who are indicated, from the face of the document or through other evidence, to have authored, created, or received the designated document or information;

(e) document handling and reproduction firms engaged in relation to this action;

(f) the Court and its employees;

(g) court reporters engaged in relation to this action; and

(h) any other person as expressly authorized in writing or on record at a deposition by the producing party or non-party.

All such material and information shall be used solely for the prosecution or defense of this action.

Experts and consultants under subsection 3(c) must execute the Consent to Protective Order attached hereto prior to receipt of CONFIDENTIAL materials. The Consent shall be provided to opposing counsel at the time the party retaining the expert discloses the expert. For experts retained but not disclosed by a party, the party who retains the expert will provide the Consent upon entry of the final order disposing of the action.

4. In the event that counsel for any party determines that the defense or prosecution of this action requires that material which has been designated as CONFIDENTIAL pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the information desired to be disclosed, must be made to the party who submitted the documents or information not less than 7 calendar days prior to the intended disclosure. If within 7 calendar days after the receipt of notice, the party who submitted the documents or information makes a written objection to the party giving the notice, the CONFIDENTIAL material shall not be disclosed unless the Court so orders. If timely written objection is not made, the party who submitted the documents or information shall be deemed to have waived any objection to the

disclosure of the designated information to the identified person only, and such disclosure may proceed without further order of the Court. Before disclosure of any CONFIDENTIAL materials may be made to persons not otherwise authorized herein, whether by Court order or otherwise, the persons to whom such disclosure is to be made must execute the Consent to Protective Order attached hereto. Disclosure to an unauthorized person does not waive the CONFIDENTIAL designation of the materials disclosed.

5. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order is bound by the terms herein and is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

6. In the event a deponent in this action may receive CONFIDENTIAL materials but refuses to execute the consent form, the record shall reflect the deponent's refusal to execute the consent form and the deponent shall be advised, on the deposition record, as to the binding effect of this Protective Order on the deponent, regardless of the deponent's execution of the Consent to Protective Order. Thereafter, the deponent shall be allowed to view the CONFIDENTIAL materials at and for the purposes of the deposition and shall be bound to the terms of this Protective Order. Disclosure in accordance with the terms of the paragraph does not waive the CONFIDENTIAL designation of the materials disclosed.

7. Unless counsel for all parties agree otherwise, or until an Order of this Court otherwise directs, all CONFIDENTIAL material and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of material which has been designated as CONFIDENTIAL pursuant to this Protective Order which are

presented to the Court shall be sealed, and marked with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER; NOT TO BE OPENED EXCEPT BY COURT AUTHORITY OR BY AGREEMENT OF ALL COUNSEL," and filed with the Clerk of the Court.

8. The parties agree that in the event the opposing party discloses documents or electronic data inadvertently, whether they are confidential or not, the receiving party, upon notice from the disclosing party or, if they recognize that the documents are privileged and inadvertently produced, will return the documents or data to the disclosing party, who will retain the documents or data in the form produced for 60 days after the return of the documents or data in order to allow the receiving party to challenge the disclosing party's claim that the documents or data are not required to be produced.

9. This Order shall not prevent any party or non-party from using or disclosing its own confidential or proprietary information in any manner and for any purpose.

10. Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with a designation and marking by any producing party of any material as "CONFIDENTIAL," then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

11. The parties, by signing this Agreed Protective Order, do not waive any objection to producing any materials, including materials that would be subject to Agreed Protective Order and

reserve the right to seek a protective order from the Court to prevent or place further limitations on the disclosure of documents and electronic data.

12. Upon final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be returned within sixty (60) calendar days to the person producing the material or destroyed. Should counsel elect to comply with this paragraph by destroying such material, such counsel shall provide a letter to opposing counsel certifying that such destruction has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such CONFIDENTIAL material by third parties. Notwithstanding the foregoing, counsel for each party may retain an archival copy of any court filings, deposition exhibits, and/or hearing or trial exhibits that contain CONFIDENTIAL materials. The provisions of this Protective Order insofar as it restricts the disclosure, communication of and use of the CONFIDENTIAL materials produced hereunto shall continue to be binding after the conclusion of the action.

13. Pending entry by the Court, this Order shall be treated as an Agreed Stipulation and shall be considered binding and enforceable upon execution by counsel.

**ENTERED** this the 18th day of July, 2013.

*[signature]*

~~Magistrate Judge John S. Bryant~~
U.S. District Judge Aleta A. Trauger

AGREED TO AND SUBMITTED FOR APPROVAL BY:


s/Russell B. Morgan
Russell B. Morgan, BPR No.020218
Joshua J. Phillips, BPR No. 025636
BRADLEY, ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: 615-252-2311
rmorgan@babc.com
jphillips@babc.com
*Attorneys for Plaintiff Cricket Communications, Inc.*


*s/Mohammad A. Syed (w/permission)*
Mohammad Syed, Esq. (No. 26964)
SYED LAW FIRM PLLC
4322 Harding Pike, Suite 417
Nashville, TN 37205
P: (615) 601-0786
F: (615) 250-8477
msyed@syedfirm.com
*Attorneys for S Wireless LLC and Abdul R. Siddiqui*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-00556 |
| v. ) | |
| ) | |
| S WIRELESS LLC and ) | |
| ABDUL R. SIDDIQUI, ) | |
| ) | |
| Defendants. ) | |

## CONSENT TO AGREED PROTECTIVE ORDER

1. My name is _____, I live at _____ _____. I am employed as (position) _____ at _____ _____ (name and address of employer).

2. I have received a copy of the Protective Order entered in the above captioned litigation and have reviewed its provisions. The terms of the Protective Order are incorporated herein by reference.

3. The undersigned specifically acknowledges and agrees that he/she is bound by the terms of the Protective Order and is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL in this action, from exploiting in any way such CONFIDENTIAL materials for his/her own benefit, or from using such CONFIDENTIAL

7/3158153.2

materials for any purpose or in any manner not connected with the prosecution or defense of this action.

  4. I understand that any violation of the Order may constitute contempt of a court order and/or subject me to sanctions. I hereby consent to the jurisdiction of the United States District Court for the Middle District of Tennessee for the sole purpose of enforcing this Order. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  Executed this _____ day of _____, 20__, at _____(location).

  _____
  (Signature)

  _____
  (Print)